# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KYNESHA STATEN,

          Plaintiff,

v.                                                  Case No. 07-CV-664

TRIAD,

          Defendant.

## ORDER

On July 19, 2007, Plaintiff Kynesha Staten ("Staten") filed a complaint against Defendant Triad ("Triad") alleging racial discrimination in employment. Staten litigates as a *pro se* plaintiff and has leave of the court to proceed *in forma pauperis*. On December 19, 2007, the court entered a stipulated scheduling order setting a December 15, 2007, deadline for the filing of amended pleadings. One day after the scheduling order was filed, on December 20, 2007, Staten sent a copy of her "amended complaint" to Triad by electronic mail. On January 1, 2008, Triad responded to Staten's electronic communication by advising her that the amended complaint had not been properly served, that she must seek amendment through procedures consistent with the Federal Rules of Civil Procedure, and that Triad would move to strike the amended complaint. On January 8, 2008, Triad filed a motion to Dismiss or Strike the Plaintiff's Amended Complaint. The following day, January 9, 2008, Staten filed a Motion to Amend her Complaint with the court.

Staten requests leave to amend her original complaint because she "was not as detailed as to all the facts surrounding what happened at Triad" due to her hospitalization and medication on the date that she filed her original complaint. She asserts that her initial complaint was incomplete because she "had to get my complaint in because of strict deadlines, so I had to do what I had to do." Triad asks the court to dismiss or strike Staten's amended complaint because of failure to meet the scheduling deadlines for amended pleadings without providing good cause, contrary to Federal Rule of Civil Procedure 16. Triad also argues that Staten's motion fails under Rule 15 because the proposed amendment is redundant and irrelevant. Finally, Triad asserts that Staten's proposed amendment is inconsistent with the Rule 8 requirement of a "short and plain" statement. This court grants Staten's motion to amend her complaint, based on the court's discretion in granting motions to amend, the Rules' liberal stance on amendment of pleadings, and the absence of undue delay or prejudice to the defendant.

Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard primarily considers the diligence of the party seeking amendment to the pleadings. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Federal Rule 15 grants leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule reflects a liberal attitude towards the amendment of pleadings. *Campania Mgmt. Co. v. Rooks,*

*Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002). Rule 15 also reflects a policy that cases generally should be decided on the merits and not on the basis of technicalities. *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D.Ill. 1989) (citing *Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1334 (7th Cir. 1977)). Despite these leniencies in the rules, courts may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile. *Campania Mgmt. Co.*, 290 F.3d at 848-49. It is within the sound discretion of the district court whether to grant or deny a motion to amend. *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

Triad asserts that Staten has not provided good cause for her request to amend, which is not excused by the fact that she is a *pro se* plaintiff. However, this court disagrees. A determination of good cause "primarily considers the diligence of the party seeking amendment," and Staten exhibited sufficient diligence in pursuing amendment of her complaint. *Trustmark Ins. Co.*, 424 F.3d at 553. Though the scheduling order set December 15, 2007, as the deadline for amending the pleadings, Staten notified Triad of her intent to amend on December 20, 2007 and filed a motion for extension on January 9, 2008. Staten's *pro se* status and her short delay in amending merit a liberal application of the Federal Rules.

In addition, Triad suffers no prejudice from an amendment to Staten's complaint. Triad was not blind-sided by the amendment; Staten notified Triad of her intent five days after the deadline for amendment of pleadings and provided Triad

-3-

with the text of her amended complaint. Moreover, the amended complaint did not represent a change in strategy or introduce a new claim. *See Compania Mgmt. Co.*, 290 F.3d at 847-50 (denying party's motion to amend its complaint and answer six days prior to the end of discovery because it injected a new issue into the case and would have unduly prejudiced the opposing party). Instead, the amended complaint merely added factual allegations to Staten's original complaint. Therefore, Staten's motion to amend her complaint neither unduly prejudices Triad nor suffers a fatal lack of good cause for amending.

Though Triad cites case law to support its contention that *pro se* plaintiffs must strictly comply with scheduling orders and procedural rules, its unpublished authority provides little support and can be distinguished from the instant case. In Leggett v. Milwaukee County Detention Center, the court does state that the plaintiff's *pro se* status "does not excuse her failure to comply with this Court's scheduling order." 2005 U.S. Dist. LEXIS 42250, at *2 (E.D.Wis. July 1, 2005). Nevertheless, the court *granted* the plaintiff an extension of time in which to file her Rule 26 disclosures, despite its skepticism that she demonstrated "good cause." *Id.* at *1-2. In Lerch v. City of Green Bay, the court struck the *pro se* plaintiff's motion for summary judgment filed three months after the deadline for dispositive, pretrial motions. 2007 U.S. Dist. LEXIS 55900, at *7 (E.D. Wis. Aug. 1, 2007). However, the court previously granted the plaintiff two extensions of time to file, diminishing any argument that he deserved leniency based on his *pro se* status. *Id.* at *4 ("Lerch

-4-

clearly knows how to file a motion for an extension of time, as evidenced, by his two earlier motions...and yet he did not move the court to modify the scheduling order"). In contrast, Staten filed her motion only three weeks after the deadline for amending. As an additional note, the period of delay encompassed the holiday season. Further, the motion to amend represents Staten's first and only motion requesting an extension on the scheduling order.

Triad also urges the court to dismiss Staten's amended complaint because the proposed amendment is futile, redundant and immaterial. However, this court does not deem Staten's amendments pointless or needlessly repetitive. Staten submits an amended complaint, in the form of a letter, outlining the alleged racially discriminatory conduct committed by Triad. This letter amends the civil cover sheet that served as Staten's original complaint and stated her claim in eleven lines of hand-written text. (Compl. p. 3). Staten's amended complaint expands upon the factual basis for her claim. As a result, the amendment is neither superfluous nor irrelevant.

Finally, Triad asserts that Staten's amended complaint violates the Rule 8 requirement of a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). The court disagrees that Staten's two-page letter expanding upon her plainly-stated claim for racial discrimination is improper or violates the rule.

Accordingly,

**IT IS ORDERED** that the defendant's Motion to Strike Plaintiff's Amended Complaint (Docket #12) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Amend or Correct Complaint (Docket #18) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge